IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10045
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VINCENT ROCHEL LEWIS,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:93-CR-29-15
- - - - - - - - - -
December 14, 1998

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Vincent Rochel Lewis, federal prisoner # 60694-079, appeals the district court's denial of his Fed. R. Crim. P. 41(e) motion for return of property. Lewis seeks the return of $135,000 in United States currency seized on May 15, 1993. Lewis argues that his right to due process was violated because he received no notice or hearing of forfeiture.

Rule 41(e) provides a procedural vehicle for a property owner to seek return of his property seized by the Government. See Industrias Cardoen, Ltda. v. United States, 983 F.2d 49, 51

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(5th Cir. 1993).  Rule 41(e) is a rule of criminal procedure, however, and is not applicable to civil forfeiture proceedings.  See United States v. Hernandez, 911 F.2d 981, 983 (5th Cir. 1990); Fed. R. Crim. P. 54(b)(5).  We construe pro se pleadings liberally as seeking the proper remedy.  United States v. Santora, 711 F.2d 41, 42 (5th Cir. 1983).  Accordingly, Lewis's motion is construed as a civil complaint for the return of property.  See United States v. Robinson, 78 F.3d 172, 174 (5th Cir. 1996).

Lewis is not entitled to the return of the $135,000 because he has not established that he had a lawful interest in the currency that was seized.  The district court did not err in denying Lewis's motion.

AFFIRMED.